```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARILYN BOYCE,<br><br>       Plaintiff,<br><br>   v.<br><br>ANCORA STATE HOSPITAL<br><br>       Defendant. | Civil No. 14-0185 (NLH/JS)<br><br>**OPINION** |

**APPEARANCES:**

MARILYN BOYCE
2435 NORTH 16TH STREET
PHILADELPHIA, PA 19132
*Pro Se Plaintiff*

ERICA RITTENHOUSE HEYER
New Jersey Office of the Attorney General
Employment Litigation Section
R.J. Hughes Justice Complex
25 Market Street, 2nd Floor West Wing
PO Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant*

**HILLMAN, District Judge**

    Before the Court is defendant's motion to dismiss. Because plaintiff failed to exhaust her administrative remedies, defendant's motion will be granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff, proceeding *pro se*, filed a form complaint on

January 10, 2014, alleging employment discrimination.  She states the discriminatory act occurred on August 22, 2009, and that she filed charges with the N.J. Division of Civil Rights on "Monday, Nov. 2012."  She states that she received the right to sue letter from the EEOC on December 12, 2013, and attached a copy of the EEOC "Dismissal and Notice of Rights".  The date on the EEOC notice is unclear but appears to be "12/11/13".  Plaintiff alleges that defendant engaged in discriminatory conduct with respect to her race and sex, but provides no other information.

Defendant moves to dismiss plaintiff's complaint on grounds that she failed to exhaust her administrative remedies, that she failed to allege facts that could support a *prima facie* claim of either sex or race discrimination, and that her complaint should be dismissed for insufficiency under Fed. R. Civ. P. 8.  Because failure to exhaust administrative remedies is a threshold issue, the Court will address this issue first.  See <u>Devine v. St. Luke's Hosp.</u>, 406 F. App'x 654, 656 (3d Cir. 2011) (failure to exhaust remedies is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

II.  **JURISDICTION**

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.  This Court exercises subject matter jurisdiction pursuant to 28

2

U.S.C. § 1331.

### III. STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether

3

the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.

Following the Twombly/Iqbal standard, the Third Circuit has provided a three-part analysis in reviewing a complaint under Rule 12(b)(6). First, the Court must take note of the elements needed for plaintiff to state a claim. Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010). Second, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id.; Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Third, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Id. A complaint must do more than allege the plaintiff's entitlement to relief. Fowler, 578 F.3d at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly

4

formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff alleges that defendant violated Title VII which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e.  An individual cannot bring a Title VII claim in court, however, without (1) initially filing a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred"; and (2) if the EEOC declines to continue with an individual's claim, the employee has 90 days from the date of the EEOC's right to sue letter to file a civil complaint in court.  See 42 U.S.C. § 2000e-5(e)(1), 5(f)(1).

Plaintiff has not alleged or provided documents that show when she initially filed a charge of discrimination with the EEOC or the N.J. Division of Civil Rights.  See Saracino v. New Jersey Dept. of UI/DT Finance, 251 F. App'x 95, 97 (3d Cir. 2007).  In her complaint, plaintiff states that the discriminatory act occurred on August 22, 2009.  Plaintiff would have had to bring a charge within 300 days, or no later than June 18, 2010.  Plaintiff has provided no evidence that she filed her charge on or before that date.  She states in her complaint that she filed charges with the N.J. Division of Civil Rights on "Monday, Nov. 2012."  Plaintiff also submitted a letter dated February 19, 2013, from the EEOC stating that they received her correspondence alleging employment discrimination.

Neither letter establishes that plaintiff filed her charge within the 300 day filing deadline.

Thus, plaintiff has not stated facts that could show that she complied with the administrative requirements prior to filing her lawsuit.  However, because of plaintiff's *pro se* status, the Court will permit plaintiff to file an amended complaint attaching copies of documentation that clearly show that she filed her charge within 300 days of the alleged discriminatory act.

When filing her amended complaint, Plaintiff is cautioned to also plead facts establishing that she filed her lawsuit within 90 days of receiving the EEOC's right to sue letter.  To date, she has asserted conflicting facts on this issue.  In her complaint, plaintiff states she received the EEOC right to sue letter on December 12, 2013.  However, in her response to the motion to dismiss (in which defendant produced a copy of the same right to sue letter showing a date of July 11, 2013, not December 11, 2013), plaintiff states that the right to sue letter was issued on July 11, 2013,[1] and that she filed her

---

[1] The Court is concerned about the two different versions of the right to sue letter submitted by the parties.  The copy attached to the complaint appears to have the date "12/11/13" but when compared to the copy produced by the defendant it appears the copy submitted by plaintiff may have been altered by hand.  Plaintiff is cautioned to submit only authentic documents and to explain any alterations that may have been made.

complaint within 90 days of November 12, 2013.  This appears to be an allegation she received the letter in November rather than December, 2013.

Plaintiff's submissions to the Court also suggest that she may be asking the Court to equitably toll the 90 day requirement due to the notice being mailed to the wrong address and certain medical problems.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (equitable tolling permitted but a plaintiff who fails to exercise reasonable diligence may lose the benefit of the doctrine of equitable tolling).  Based on the limited and contradictory facts provided by plaintiff, however, the Court cannot determine at this time if equitable tolling is warranted in this case.

Since the Court will permit plaintiff to amend her complaint to clearly state the dates and provide documentation regarding when she filed her charge with the EEOC, the Court will permit plaintiff to also clearly state what facts, if any support equitable tolling of any missed filing deadlines.  It is plaintiff's burden to provide clear and sufficient facts for the Court to determine if equitable tolling is warranted.  Estacio v. Postmaster General of U.S., 344 F. App'x 810, 813 (3d Cir. 2009).

**V. CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss will be granted. Plaintiff will be granted leave to file an amended complaint clearly setting forth the dates that her charge was filed with the EEOC, along with supporting documentation, as well as facts to establish that she was unable to make proper inquiries as to the status of her claim with the EEOC. Plaintiff will have thirty (30) days after entry of the Court's Order to file her amended complaint. Failure to do so will result in the termination of her lawsuit.[2]

An appropriate Order follows.

s/Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

Dated:   February 27, 2015

At Camden, New Jersey

---

[2] Because exhaustion of administrative remedies is a threshold issue, and because the Court is granting defendant's motion to dismiss on that ground, the Court will not consider defendant's alternative arguments for dismissal at this time. If plaintiff files an amended complaint, defendant may file a motion to dismiss the amended complaint and raise any arguments previously raised, including failure to exhaust administrative remedies.