**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARILYN BOYCE,                        Civil No. 14-0185 (NLH/JS)

       Plaintiff,

    v.                                **OPINION**

ANCORA STATE HOSPITAL

       Defendant.

---

**APPEARANCES:**

MARILYN BOYCE
2435 NORTH 16TH STREET
PHILADELPHIA, PA 19132
*Pro Se Plaintiff*

ERICA RITTENHOUSE HEYER
New Jersey Office of the Attorney General
Employment Litigation Section
R.J. Hughes Justice Complex
25 Market Street, 2nd Floor West Wing
PO Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant*

**HILLMAN, District Judge**

    This case concerns allegations of employment discrimination.  Presently before the Court is defendant's motion to dismiss plaintiff's amended complaint.  For the reasons expressed below, defendant's motion will be granted, and plaintiff's amended complaint will be dismissed with prejudice.

I.   <u>BACKGROUND</u>

Plaintiff, Marilyn Boyce, appearing *pro se*, filed a form complaint on January 10, 2014, alleging employment discrimination.  In her complaint, plaintiff alleges that defendant's discriminatory acts, based on her race and gender, occurred on August 22, 2009.  While it is not clear when plaintiff filed her charge with the EEOC, she originally stated she received her right to sue letter on December 12, 2013.

On February 27, 2015, the Court dismissed plaintiff's complaint without prejudice because she did not state facts that could show that she complied with the administrative requirements prior to filing her suit, and granted plaintiff leave to file an amended complaint.  <u>See</u> Feb. 27, 2015 Op. ("Opinion") [Doc. No. 15].  The Court expressed concern about the two different versions of the right to sue letter submitted by the parties.[1]  The Court further cautioned plaintiff to "amend her complaint to clearly state the dates and provide documentation regarding when she filed her charge with the EEOC," and to clearly state facts to "support equitable tolling of any missed filing deadlines." Op. at 8.

---

[1] The copy attached to the complaint appears to bear the date "12/11/13," while the copy submitted by defendant appears to bear the date "7/11/13."  The Court cautioned plaintiff to submit only authentic documents and to explain any alterations that may have been made.  Op. at 7 n.1.

Plaintiff filed an amended complaint on March 17, 2015. Am. Compl. [Doc. No. 17].  Plaintiff now alleges that the discriminatory acts occurred on January 10, 2010, termination occurred on August 22, 2009, and that termination was finalized on April 19, 2012 when the Civil Service Commission ("CSC") delivered its decision.  Am. Comp. at 5.  Plaintiff further alleges there were "unusual and extraordinary circumstances" due to her medical condition and relocation, warranting equitable tolling.  Id. at 4-5.  Plaintiff also alleges that she was subjected to hostile work environment for the first time in her amended complaint.  Id. at 6.

Defendant moves to dismiss plaintiff's amended complaint because she did not timely exhaust her EEOC remedies, did not timely file a lawsuit, and did not provide a basis for equitable tolling.  [Doc. No. 20].

## II.   JURISDICTION

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for employment discrimination.  42 U.S.C. §§ 2000e, et seq.  This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III. STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted

3

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in

Twombly expounded the pleading standard for 'all civil actions'
. . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.
2009) ("Iqbal . . . provides the final nail-in-the-coffin for
the 'no set of facts' standard that applied to federal
complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has
provided a three-part analysis in reviewing a complaint under
Rule 12(b)(6).  First, the Court must take note of the elements
needed for plaintiff to state a claim.  Santiago v. Warminster
Tp., 629 F.3d 121, 130 (3d Cir. 2010).  Second, the factual and
legal elements of a claim should be separated; a district court
must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions.  Id.; Fowler, 578 F.3d
at 210 (citing Iqbal, 129 S. Ct. at 1950).  Third, a district
court must then determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has a
plausible claim for relief.  Id.  A complaint must do more than
allege the plaintiff's entitlement to relief.  Fowler, 578 F.3d
at 210; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224,
234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly
formulation of the pleading standard can be summed up thus:
'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element.  This
'does not impose a probability requirement at the pleading

5

stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

IV.  **ANALYSIS**

A.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

A Title VII plaintiff raising claims of discrete discriminatory acts must file her charge with the EEOC "within

6

three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); see also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). If the EEOC finds no reason to take action on the charge, it will issue a right to sue letter; a complainant cannot file a Title VII suit without having first received a right to sue letter, and the suit must be filed within 90 days of the date on which the complainant received the right to sue letter. 42 U.S.C. § 2000e-5(f)(1); see also Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). "Both the [300-day] period for filing the administrative complaint and the 90-day period for filing the court action are treated as statutes of limitations." Id. (citations omitted).

The only document plaintiff has provided to evidence when she initially filed a charge of discrimination with the EEOC is a letter dated February 19, 2013 from the EEOC requesting plaintiff to provide "additional information, a signed charge or both before [the EEOC] can formally docket [the] complaint as a charge." Am. Compl. at 11. This letter was previously attached to plaintiff's response to defendant's reply brief [Doc. No. 13], and does not provide any new information regarding when plaintiff filed a charge of discrimination with the EEOC.

In her amended complaint, plaintiff now alleges, without attaching any new documents for support, that the 300-day period

7

accrued on April 19, 2012, when CSC finalized and delivered her termination.  Am. Compl. at 17.  Because of plaintiff's *pro se* status, the Court permitted plaintiff to amend her complaint; however, the Court also instructed plaintiff to attach documents that clearly show that she filed her EEOC charge within 300 days of the alleged discriminatory act.  Op. at 7.  Plaintiff has not provided any new documents, but now argues for a new accrual date for the 300-day period.

Even accepting plaintiff's new accrual date of April 19, 2012 as true, the 300-day period for filing a charge with the EEOC expired on February 13, 2013.  Despite the Court's instruction, plaintiff failed to provide any new documents to show that she filed her EEOC charge before February 13, 2013. Therefore, the date on which plaintiff filed her EEOC charge remains unclear; however, the EEOC letter clearly demonstrates that plaintiff had not filed her charge with the EEOC as of February 19, 2013, six days past the 300-day period.[2] Accordingly, the Court finds that plaintiff failed to clearly show that she filed her charge within 300 days of the alleged discriminatory act as required, and thus her claims are time-

---

[2] While the EEOC acknowledges receipt of a "correspondence alleging employment discrimination" in the letter, it also requests further action by plaintiff – providing additional information, a signed charge or both – before the EEOC can "formally docket [the] complaint as a charge or pursue [the] matter further."  Am. Compl. at 11.

barred.

Likewise, plaintiff failed to timely file her suit within 90 days of the date on which plaintiff received her right to sue letter.  In her amended complaint, plaintiff states that she received the right to sue letter from the EEOC on July 11, 2013.[3] The 90-day filing period expired on October 9, 2013.  Plaintiff filed her complaint on January 10, 2014, approximately three months after the filing period expired.  Accordingly, the Court finds that plaintiff's claims are time-barred because she failed to file her suit within 90 days of the date on which plaintiff received her right to sue letter.

### B.   EQUITABLE TOLLING

The Court recognized that plaintiff's submissions suggest that she may be asking for equitable tolling of the 90-day period to file suit after receiving the right to sue letter. Op. at 8.  "Equitable tolling is appropriate in Title VII cases

---

[3] The Court notes that the EEOC right to sue letter is dated "7/11/13" and plaintiff now alleges that she received the letter on July 11, 2013.  Am. Compl. at 4 ("Plaintiff received her if [sic] right to sue letter on July 11th 2013.").  The Court further notes that in her response to the motion to dismiss complaint, she stated the right to sue letter was issued on July 11, 2013, but she received the letter on November 12, 2013. [Doc. No. 9].  Despite the Court's instruction to clearly state the dates due to the conflicting dates in plaintiff's submissions and provide documentation regarding her filings, plaintiff failed to do so.  Therefore, the Court will accept as true that plaintiff received her right to sue letter on July 11, 2013.

where 'the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum.'" Dicroce v. Norton, 218 F. App'x 171, 173 (3d Cir. 2007) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)).

While the Supreme Court has recognized the equitable tolling doctrine, it also cautioned that the doctrine should be applied sparingly. See Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 152 (1984); see also Seitzinger, 165 F.3d at 240 ("We therefore approach the [equitable tolling] doctrine warily, so as to guard against possible misuse."). Furthermore, the burden is on the plaintiff to demonstrate that she exercised reasonable diligence and that equitable tolling is warranted. Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985). "Mere excusable neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 619 (3d Cir. 1998) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

While equitable tolling may be granted due to a plaintiff's medical issues, they must prevent the plaintiff from timely filing to justify tolling. See Nara v. Frank, 264 F.3d 310, 320 (3d Cir 2001); see also Horne v. Tennis, No. 09-1562, 2011 WL 221725, at *1 (E.D. Pa. Jan. 20, 2011) (holding that the

10

plaintiff's paranoid schizophrenia, confirmed by a letter from his treating psychologist, was insufficient to find him incompetent or incapable to timely file, thus does not warrant equitable tolling); Patnaude v. Gonzales, 478 F. Supp. 2d 643, 648 (D. Del. 2007) ("[T]he alleged [condition] must be demonstrated and compelling."); Powell v. Independence Blue Cross, Inc., No. 95-2509, 1997 WL 137198, at *5 (E.D. Pa. Oct. 31, 2002) (stating that a condition must prevent a plaintiff from managing her affairs); Sistrun v. Time-Warner Cable, No. 02-CV-8023, 2004 WL 1858042, at *9 (E.D. Pa. Aug. 19, 2004) (holding that the plaintiff's medical and emotional conditions insufficient to warrant equitable tolling).

Plaintiff's amended complaint and subsequent submissions now seem to suggest that equitable tolling should apply to both the 300-day period for filing a charge with the EEOC and the 90-day period for filing a suit after receiving a right to sue letter.  The crux of plaintiff's argument is that she fell "gravely ill" after receiving the right to sue letter on July 11, 2013 and had to relocate after being hospitalized.  Am. Compl. at 3-4.

Even considering plaintiff's pleadings as true, the hospitalization and relocation occurred approximately five months after the 300-day period expired, and there is no evidence to suggest this had an impact on her ability to timely

11

file a charge with the EEOC.

Plaintiff attached documentation indicating that she was hospitalized for three days from January 10, 2013 to January 13, 2013 mainly for shortness of breath.  Am. Compl. at 14.  The document indicates that plaintiff was "stable for discharge . . . and was discharged home without any problems."  Id. at 15. While the hospitalization does fall within the 300-day period to file an EEOC charge if plaintiff's new accrual date is accepted as true, the Court finds the hospitalization insufficient to warrant equitable tolling.  Plaintiff alleges that she suffers from chronic obstructive pulmonary disease ("COPD").  However, plaintiff has not shown how her three-day hospitalization due to COPD prevented her from timely filing her EEOC charge and that she exercised reasonable diligence in attempting to do so. Plaintiff was discharged without any problems with one month remaining in the 300-day period.  Accordingly, the Court finds that equitable tolling does not apply to the 300-day period to file a charge with the EEOC.

Likewise, equitable tolling does not apply to the 90-day period to file her Title VII action after receiving her right to sue letter.  Plaintiff received her right to sue letter on July 11, 2013; however, she filed her complaint on January 10, 2014, approximately three months after the 90-day filing period expired.  Even if plaintiff had timely filed her EEOC charge,

12

equitable tolling does not apply to the 90-day period to file suit.  Plaintiff's assertion that she fell "gravely ill" after receiving the right to sue letter is unsupported, and as discussed above, her documented medical conditions are insufficient to warrant equitable tolling.  Furthermore, plaintiff's documents that address her medical conditions are dated January 10-13, 2013; January 18, 2014; and June 29, 2014.  These dates do not impact the Court's analysis of applying equitable tolling to the period between the date of right to sue letter (July 11, 2013) and the date complaint was filed (January 10, 2013).  Accordingly, the Court finds that equitable tolling does not apply to the 90-day period to file a suit after receiving the right to sue letter.

     **C.   HOSTILE WORK ENVIRONMENT**

In her amended complaint, plaintiff alleges, for the first time, that defendant subjected her to hostile work environment including: requiring plaintiff to be alone with a patient, who was on restriction; writing plaintiff up for eating food in a patient's room; and not giving restroom or lunch breaks.  Am. Compl. at 6.  Plaintiff does not provide any dates or documents for these alleged incidents.

"In determining whether an actionable hostile work environment claim exists, [courts] look to 'all circumstances,' including 'the frequency of the discriminatory conduct; its

13

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." National R.R. Passenger Corp., 536 U.S. at 116 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).  Because a hostile work environment claim under Title VII consists of a series of separate acts, a court may consider acts occurring outside of the 300-day filing period, as long as "an act contributing to the claim occurs within the filing period." Id. at 117.

Plaintiff's submissions fail to show that plaintiff exhausted administrative remedies even under the liberal federal pleading rules.  Accepting plaintiff's new accrual date of April 19, 2012 as true and the last possible date for an act contributing to her hostile work environment claim, the 300-day period for filing a charge with the EEOC expired on February 13, 2013.  As discussed above, the February 19, 2013 letter from the EEOC demonstrates that plaintiff had not filed a charge with the EEOC as of February 19, 2013.

While the Court may consider acts occurring outside the 300-day period for evaluating the claim as series of separate acts, at least one act contributing to the hostile environment claim must have occurred within the filing period.  Plaintiff's alleged incidents occurred while she was still employed by defendant and plaintiff does not allege that any of the

14

incidents occurred within the 300-day period between April 19, 2012 and February 13, 2013.  Therefore, viewed in the light most favorable to plaintiff, plaintiff's submissions show that she failed to timely file a charge with the EEOC based on hostile work environment.  Accordingly, the Court finds that plaintiff's hostile work environment claim is time-barred.

### V.   <u>CONCLUSION</u>

The Court finds that plaintiff failed to plead sufficient facts to maintain her Title VII claims despite the Court's permission and instructions to amend her claim to clearly state the dates and provide documentation regarding when she filed her charge with the EEOC, and to provide clear and sufficient facts for the Court to determine if equitable tolling is warranted.

For the foregoing reasons, defendant's motion to dismiss the amended complaint will be granted, and plaintiff's amended complaint will be dismissed with prejudice.

An appropriate Order follows.


                                          s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.

Dated:     December 15, 2015

At Camden, New Jersey